UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Marycruz Vidot,** | ) | CASE NO. 1:14 CV 1343 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Carolyn W. Colvin,** | ) | **Memorandum of Opinion and Order** |
| **Commissioner of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**INTRODUCTION**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greg White ("R&R") (Doc. 16), recommending that the decision of the Commissioner be affirmed. Plaintiff filed objections to the R&R. For the reasons that follow, the R&R is ACCEPTED and the decision of the Commissioner is AFFIRMED.

**ANALYSIS**[1]

---

[1] The Magistrate Judge aptly set forth the facts and procedural history of this case and that information need not be repeated herein.

The Administrative Law Judge ("ALJ") analyzing plaintiff's claim for Supplemental Security Income determined that plaintiff suffers from a severe impairment due to systemic lupus erythemastousus ("lupus"). The ALJ did not find any additional severe impairments. Ultimately, the ALJ determined that plaintiff's residual functional capacity allowed her to perform a limited range of light work. As such, the ALJ concluded that plaintiff is not disabled.

Plaintiff argues that the ALJ erred by concluding that she does not meet or medically equal listing 14.02, the listing for lupus. Plaintiff also argues that the ALJ erred by failing to consider her migraine headaches to be a severe impairment. The Magistrate Judge recommends rejecting both arguments. Plaintiff does not object to the Magistrate Judge's recommendation regarding the listing for lupus. Rather, plaintiff objects to the Magistrate Judge's recommendation that the ALJ properly considered plaintiff's migraine headaches.

The record evidence discloses that:

> On November 28, 2011, Wendy Cicek, M.D., diagnosed Vidot with "Migraines, NOS/not intrebl (primary encounter diagnosis)." (Tr. 322.) Vidot reported associated nausea, vision changes, and photophobia. (Tr. 321.) On May 2, 2012, Dr. Cicek continued diagnosing migraine headaches noting "high sensitivity." (Tr. 425.) On the same date, Vidot reported that her headaches could last for three days, were worse with movement, and were accompanied by photophobia and phonophobia. (Tr. 422.)

(R&R at p. 11). Similarly, plaintiff testified at the hearing before the ALJ that she takes medication for migraines and that they make her nauseous and affect her vision. She testified that they could last for up to a week.

Upon review, the Court rejects plaintiff's objection. Here, the ALJ did not find plaintiff's migraine headaches to be a severe impairment at step two. As the Magistrate Judge correctly notes:

> As defined by Social Security regulations, a 'severe' impairment is 'any impairment or combination of impairments which significantly limits [a claimant's] physical or mental ability to do basic work activities.' 20 C.F.R. § 416.920(c). Courts, however, liberally construe the phrase 'significantly limits' in favor of claimants. If the Commissioner rates the degree of limitation as none or mild, then the Commissioner will generally conclude that the impairment is not severe, 'unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities.' 20 C.F.R. § 416.920a(d). The Sixth Circuit construes the Step Two severity regulation as a *de minimis* hurdle, intended to screen out totally groundless claims. Nonetheless, if the ALJ finds at least one impairment to be 'severe,' she must move on to the subsequent steps in the evaluation. She is not required to continue to analyze the remainder of the claimant's impairments to determine whether they too are severe. After the ALJ makes a finding of severity as to even one impairment, the ALJ must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe. When the ALJ considers all of a claimant's impairments in the remaining steps of the disability determination, the ALJ's failure to find additional severe impairments at step two does not constitute reversible error.

(R&R at 10)(case citations and quotations omitted).

The government argued to the Magistrate Judge that the ALJ properly determined at step two that plaintiff's migraine headaches do not constitute a severe impairment.  The ALJ's failure to include plaintiff's migraine headaches as a "severe impairment" at step two of disability analysis will not result in error unless the ALJ fails to consider the limitations and restrictions imposed by the migraine headaches during the remaining steps of the disability analysis.  At the hearing, the ALJ asked plaintiff what she does in response to a migraine headache.  Plaintiff testified, "I will wash my hair so the cold water will make me feel better.  I will take my medicine and I will cover my eyes." In the opinion, the ALJ appears to have concluded that this testimony indicates that plaintiff obtains some relief from washing her hair and taking medication.  As such, migraine headaches do not constitute a severe impairment.

The Court cannot say that the ALJ erred.  As an initial matter, any failure on the part of the ALJ at step two to consider plaintiff's migraine headaches to be a severe impairment is

3

"legally irrelevant" because the ALJ found that plaintiff suffers from other severe impairments. Thus, provided the ALJ considered any limitations imposed by the migraine headaches at later steps in the disability analysis, no error occurred. Furthermore, Court agrees with the Magistrate Judge that the ALJ's findings are supported by substantial evidence. The ALJ did in fact consider plaintiff's migraine headaches. The ALJ noted that plaintiff takes certain steps to make herself feel better when she has a migraine. In addition, the ALJ found plaintiff less than credible and noted that the intensity and persistence of her alleged symptoms are inconsistent with plaintiff's description of her daily activities. Moreover, the Court agrees with the Magistrate Judge that plaintiff fails to point to any specific work limitation (other than plaintiff's testimony, which the ALJ discounted) disclosed by the record. Although admittedly the analysis surrounding plaintiff's migraines is minimal, it does appear in the residual functional capacity section of the Decision and, therefore, the ALJ did consider plaintiff's migraines in connection with her severe impairment of lupus. For these reasons, the Court finds that the objection is not well-taken.

**CONCLUSION**

For the foregoing reasons, the Report and Recommendation of Magistrate Judge Greg White ("R&R") is ACCEPTED and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

/s/Patricia A. Gaughan
PATRICIA A. GAUGHAN
Date: 6/18/15      United States District Judge